439 P.2d 505

**K K & K FLOORCOVERINGS AND DO-MESTICS, an Arizona corporation, and William M. Kane, Appellants,**

v.

**AMERICAN PRINTING CO., an Arizona Corporation, Appellee.**

**No. 2 CA–CIV 369.**

Court of Appeals of Arizona.

April 16, 1968.

Rehearing Denied May 15, 1968.

Review Denied June 4, 1968.

Lewis, Roca, Beauchamp & Linton, by Gerald K. Smith, Phoenix, for appellants.

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson, Phoenix, for appellee.

HATHAWAY, Chief Judge.

The appellants are lessees of certain floor space in Fantastic Family Fair, a Tucson discount variety store. The appellee, lessor, sought to eject appellants from the premises and appellants brought this suit seeking to restrain appellee and to establish their rights to remain as lessees.

For the disposition of this appeal, we will deem the lease agreement and additions and addendums thereto, upon which appellants base their claims, to be valid and enforceable.

Appellants present three questions to this court on appeal. We will not belabor the first two questions presented for review since our answer to the third question is, in any event, dispositive of the appeal. The question presented is: Was material evidence presented to prove that appellants failed to operate their enterprise competitively with other stores, including discount stores, in accordance with the provisions in the lease agreement and the additions and addendums thereto?

Paragraph (2r) of the agreement sets forth appellants' duty to operate as a competitive business:

"(r) Except where prohibited by law, Licensee shall merchandise and operate Licensee's aforesaid business so that the retail selling price of the said merchandise shall in all events be less than the conventional department and retail stores and equal to or less than any

other discount stores through the City and County where the licensed premises are located. Licensor may employ comparison shoppers at its expense and the Licensee agrees that if the comparison shopper's report shows that Licensee's retail selling prices are not competitive with such other discount stores or less than conventional department and retail stores throughout the City and County where the licensed premises are located, Licensee shall within twenty-four hours (24) of receiving such notice from Licensor reduce its retail selling prices so as to make them competitive, or will remove said merchandise from sale. The Licensee agrees that it will at all times continuously operate the licensed premises as a discount type operation, carry on its business therein diligently and energetically."

After finding as a matter of fact that appellants had failed to operate the linen department in a competitive nature the trial court made the following conclusion of law:

"Even if the said 'ADDITIONS AND ADDENDUMS EFFECTIVE JANUARY 1, 1966,' were binding upon the defendant, AMERICAN PRINTING CO., * * * the plaintiff, WILLIAM M. KANE, committed material breaches of said agreements * * * by failing to operate the business so that the retail selling price of the merchandise was in all events less than the conventional department and retail stores and equal to or less than any other discount stores throughout the city of Tucson, Arizona; by failing to at all times continuously operate the premises as a discount type operation * * * by virtue of which said defendant was entitled to cancel and terminate said agreement."

We will not disturb the findings of the trial court if they are supported in the record "by sufficient, legally competent evidence." Powell v. Industrial Commission, 4 Ariz.App. 172, 176, 418 P.2d 602 (1966).

The transcript is replete with testimony supporting the trial court's finding of fact that appellants repeatedly failed to operate as a competitive enterprise. Mr. Pasich, the general manager of Fantastic Family Fair, testified that he had in January of 1966 discussed with Mr. and Mrs. Kane that they were not operating competitively. He testified further as to a subsequent meeting with the Kanes:

"Q  * * * can you recall a particular conference with Mr. Kane and Mrs. Kane?

A  Yes, I can. That was approximately February 16, but judging from the date of that check, just before our March 1st sale, I told him that we must have better advertised items in competition with these other stores. I showed—

Q  Then what happened after you had told Mr. and Mrs. Kane that?

A  They stated that they didn't carry that type of competitive merchandise, and they were a high-class store, and they felt that they couldn't get that type of merchandise or didn't want that type of merchandise in that store. On that basis, they never were competitive. They refused to get the merchandise. Only on one instance, and this was a moonlight sale, they brought in a jumbo bed pillow which they sold out in just a few minutes. That was the first time they came through with a good item. This was when I first arrived at Tucson. After that, he refused to bring in any real discount items to compete with the other stores.

Q  Did you ever have any conferences with Mrs. Kane?

A  Yes, I did. I showed her several ads by the competition. I showed them merchandise that they were running. I showed them that they were not competitive. I begged

her to send merchandise in the store that we could compete on.

Q  What did she say?

A  She never did.  She couldn't do it. She couldn't buy that type of merchandise, she deals strictly in name brand merchandise, better quality, and that they would not compete."

It was further testified to by Mr. Pasich, who had been in the discount store business as a manager for approximately six years, that in order to successfully compete with other discount stores it was necessary to bring in special discount items that would have particular public appeal.

The trial court, in its finding of fact, specifically relied upon Exhibits B and C.  Exhibit B consists of photographs of many different items in the appellants' linen department that were reduced in price subsequent to the commencement of this litigation.  Exhibit C consists of three legal sized pages of comparative shopping done by Mr. Pasich in April of 1966 at Save-Co, Globe and Fantastic Family Fair. It enumerates 42 different items each of which were found in the three above-mentioned discount stores.  The appellants' linen department was equal to or lower than the other two linen departments on only four of the 42 items.  The remaining 38 items were higher than and in some instances as much as one-third higher in price, clearly incompatible with the lease agreement specification that, "the retail selling price of the said merchandise shall in all events be less than the conventional department and retail stores and equal to or less than any other discount stores through the city and county where the licensed premises are located."

■  The record not only substantiates appellants' failure to competitively price their merchandise but also evidences, by their own testimony, their refusal to carry lower quality discount items of special public appeal.  Therefore, we hold that the trial court correctly found that appellants had breached the lease agreement by

failing to compete as a discount store, and by virtue of said breach appellee was entitled to cancel and terminate said agreement.  Rental Development Corp. of America v. Lavery, 304 F.2d 839 (9th Cir. 1962).

Judgment affirmed.

MOLLOY and KRUCKER, JJ., concur.